UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOE HENRY SCOTT, III,

    Plaintiff,

v.                                          Case No: 3:19-cv-3750-TKW/MJF

DAVID MORGAN, *et al.*,

    Defendants.
    _____/

## **REPORT AND RECOMMENDATION**

The clerk of the court referred this case to the undersigned upon Plaintiff's failure to respond to the undersigned's order to show cause. For the reasons set forth below, the undersigned recommends that this action be dismissed without prejudice for failure to pay the filing fee and failure to comply with two court orders.[1]

**I.    Background**

Plaintiff, a non-prisoner proceeding *pro se*, commenced this action pursuant to 42 U.S.C. § 1983. He alleges that Defendants violated his Fourteenth Amendment right to due process. (Doc. 1). Plaintiff simultaneously filed a motion for leave to proceed *in forma pauperis*. (Doc. 2). The undersigned determined that Plaintiff's motion failed

---

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

to provide sufficient information for the court to determine whether the motion had merit. (Doc. 6). The undersigned denied the motion without prejudice and directed Plaintiff to submit a motion for leave to proceed in forma pauperis with a properly completed affidavit of financial status or pay the $400.00 fee. (Id.). The undersigned imposed a compliance deadline of February 24, 2020. (Id.). Plaintiff did not comply with the undersigned's order.

Accordingly, on February 28, 2020, the undersigned issued an order directing Plaintiff to show cause why this case should not be dismissed for: (1) failure to comply with a court order; (2) failure to pay the filing fee; and (3) failure to prosecute. (Doc. 7). The undersigned imposed a deadline of March 20, 2020, to comply. On March 23, 2020, the order denying Plaintiff's motion for leave to proceed *in forma pauperis* was returned to the court as undeliverable. (Doc. 8). Similarly, on April 10, 2020, the order to show cause was returned to the court as undeliverable. (Doc. 9). As of the date of this Report and Recommendation, Plaintiff has neither complied with the undersigned's order to pay the filing fee nor shown cause for his failure to pay the fee. Since October 2019, Plaintiff has not notified the clerk of the court of any change in his mailing address or residence.

## II.    Discussion

The undersigned recommends that Plaintiff's complaint be dismissed in light of Plaintiff's failure to pay the filing fee and his failure to comply with two court orders.

### A.    <u>Failure to Pay the Filing Fee</u>

Rule 5.3 of the Local Rules for the Northern District of Florida provides that "A party who files or removes a civil case must simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed *in forma pauperis*. N.D. Fla. Loc. R. 5.3. Section 1914 authorizes the clerk of each district court to collect a filing fee from the party instituting any civil action, suit or proceeding in the district court. 28 U.S.C. § 1914.

A court may dismiss an action for failure to pay the filing fee so long as the court first affords the plaintiff an opportunity to explain the failure. *See Wilson v. Sargent*, 313 F.3d 1315, 1320-21 (11th Cir. 2002);[2] *see also Thomas v. Butts*, 745 F.3d 309, 312-13 (7th Cir. 2014). Additionally, Rule 41.1 of the Local Rules of the

---

[2] In *Wilson*, the Court of Appeals reviewed a district court's dismissal of a *pro se* prisoner plaintiff. The Court of Appeals noted that for an imprisoned plaintiff, failure to pay the fee may be beyond his control insofar as payment of the filing fee required authorization for prison officials to withdraw and pay the fee. *Wilson*, 313 F.3d at 1320-21. Here, based on the record before this court, Plaintiff does not appear to be imprisoned. Unlike a prisoner-plaintiff, Plaintiff in this case likely had control of his own money or could have asked for an extension of time.

United States District Court for the Northern District of Florida provides that "the Court may strike a pleading, dismiss a claim, enter a default on a claim, take other appropriate action, or issue an order to show cause why any of these actions should not be taken" if a party fails to comply with an applicable rule or court order.

Here, Plaintiff's motion for leave to proceed *in forma pauperis* was denied without prejudice. (Doc. 6). The undersigned directed Plaintiff to pay the filing fee or submit a completed motion to proceed *in forma pauperis* in accordance with the Local Rules for the Northern District of Florida and specifically warned Plaintiff that his failure to do so likely would result in dismissal. Plaintiff failed to pay the filing fee or submit a fully completed motion to proceed *in forma pauperis*. (Doc. 6). Despite the undersigned issuing an order to show cause, Plaintiff did not explain why he failed to pay the filing fee or seek an extension of time to comply with the undersigned's order. Thus, pursuant to 28 U.S.C. § 1914 and the Local Rules, the undersigned recommends that this action be dismissed for failure to pay the filing fee.

### B. Failure to Comply with Two Court Orders

The Plaintiff's failure to comply with two court orders is yet another reason to dismiss this case.

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827, 116 S. Ct. 1777, 1782 (1996); *see e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the

court to dismiss a claim when a party fails to comply with an applicable rule or court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Prop., Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). Courts do not need to wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87, 81 S. Ct. 534, 545 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with an order of the court); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

In recommending dismissal, the undersigned has taken into consideration the following seven factors, among others:

**(1) The duration of Plaintiff's failure to comply.** On February 3, 2020, the undersigned ordered Plaintiff to pay the filing fee. The undersigned imposed a

deadline of February 24, 2020 to comply. Thus, Plaintiff has failed to comply with that order since February 24, 2020.

**(2) Plaintiff's failure to comply with two court orders.** The Plaintiff has failed to comply with two court orders:

    a.    the order issued on February 3, 2020; and

    b.    the order issued on February 28, 2020.

**(3) Plaintiff received notice that failure to act likely would result in dismissal.** The undersigned twice warned Plaintiff that failure to comply with the respective orders likely would result in dismissal. (Docs. 6, 7). Despite these warnings, Plaintiff has not complied with the undersigned's orders.

**(4) Plaintiff is not likely to suffer substantial prejudice from the dismissal.** Because the undersigned is recommending dismissal without prejudice, Plaintiff could refile his claim should he choose to pursue it in the future. Thus, dismissal without prejudice would not result in substantial prejudice to him.

**(5) The proper balance between alleviating court calendar congestion and protecting Plaintiff's right to due process and a fair chance to be heard.** The Plaintiff has been afforded an opportunity to be heard and has received due process consistent with the primary stage of his civil action. The court's need to ensure that court orders are obeyed, and the need to dispose of cases that are not being actively

prosecuted, outweighs any due process right that Plaintiff may have in this case remaining pending and inactive.

**(6)  The public policy favoring disposition of cases on their merits.** Upon filing a *pro se* complaint, Plaintiff was informed by the clerk of the court that he was required to notify the clerk of the court in writing if Plaintiff's mailing address changed. (Doc. 3). On October 21, 2019, Plaintiff notified this court that his home address changed. (Doc. 4). The clerk of the court mailed the undersigned's orders to Plaintiff at the updated address, and both were subsequently returned to the court as undeliverable. (Docs. 8, 9). Assuming that his address has again changed, Plaintiff's failure to receive and comply with the undersigned's respective orders was Plaintiff's fault. *Gilbert v. Daniels*, 725 F. App'x 789, 792 (11th Cir. 2018) (noting that Plaintiff's "failure to receive the court's prior order, and his failure to comply with that order was 'entirely' his own fault" because he failed to keep the court apprised of his current address").

The orders issued by the undersigned were designed to facilitate the disposition of this case on its merits. Furthermore, the policy favoring a decision on the merits is important, but it does not outweigh the other considerations addressed herein, such as the court's need to keep cases moving toward a final disposition and the need to ensure compliance with court orders.

**(7) The fact that any lesser sanction would be inefficacious.** Based on Plaintiff's prior conduct, it is likely that Plaintiff would ignore future orders directing Plaintiff to comply. Dismissal without prejudice is an appropriate sanction to address the important objectives and interest of justice discussed above.

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

a. This action be **DISMISSED** without prejudice for Plaintiff's failure to pay the filing fee and his failure to comply with two court orders.

b. The clerk of the court be directed to close the case file.

At Panama City Beach, Florida, this 28th day of May, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.